IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC BRYANT,             )<br>JOAN BRYANT,            )<br>     Plaintiffs,          ) No. 1:07-cv-00648 (JDB)<br>                          )<br>   v.                      )<br>                          )<br>UNITED STATES,          )<br>                          )<br>     Defendant.          ) | |

## UNITED STATES' MOTION TO DISMISS

Defendant, the United States, moves pursuant to Under Fed. R. Civ. P. 12(b)(1) and (6) to dismiss plaintiffs' 33-count complaint. As grounds for this motion, the defendant asserts that this Court lacks subject-matter jurisdiction over plaintiffs' unauthorized collection claim since plaintiffs' complaint appears to be challenging the underlying tax liability rather than any unauthorized collection. The United States has not waived its sovereign immunity over such damage claims. Further, plaintiffs have failed to state an unauthorized collection claim. Finally, plaintiffs seek relief pursuant to a criminal statute and the Court lacks jurisdiction over that claim.

A supporting memorandum of law and proposed order are filed with this motion.

DATED: July 5, 2007.                    Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC BRYANT, ) | |
| JOAN BRYANT, ) | |
|     Plaintiffs, ) | No. 1:07-cv-00648 (JDB) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS**

Plaintiffs filed a 33-count complaint which should be dismissed on various grounds. Plaintiffs seek damages for alleged unauthorized collection actions by the employees of the Internal Revenue Service. For the reasons set forth below, the Court cannot grant the requested relief.

This Court Lacks Subject-Matter Jurisdiction over Damages Claim

Plaintiffs purport to state a claim for damages against the United States (Compl. Remedy Sought ¶ 1). This Court does not have jurisdiction over plaintiffs' section 7433 claim because plaintiffs' claim is merely an improper attempt to challenge the underlying tax liability.

The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides that a taxpayer may seek damages against the

United States if in connection with the collection of Federal tax an officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision or regulation of the Internal Revenue Code. Thus, Section 7433 is limited to collection of the tax.

Plaintiffs attempt to challenge the merits of the underlying tax liability under the guise of an unauthorized collection claim. Their unauthorized collection claim is based on the belief that the assessment of any tax was improper. Thus, regardless of whether the examination or assessment was belated or improper, against all procedural and substantive safeguards, and without affording plaintiff due process of law, these allegations are insufficient to sustain an action under 26 U.S.C. § 7433. See <u>Arnett v. United States</u>, 889 F. Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); <u>Sylvester v. United States</u>, 978 F. Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); <u>Zolman v. IRS</u>, 87 F. Supp. 2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim).

Because the United States has not consented to be sued with respect to challenges of the underlying liability, plaintiffs' challenge should be dismissed.

Plaintiffs Have Failed to State a Damages Claim

Plaintiffs' complaint is legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6). Plaintiffs purport to state a claim for damages. Plaintiffs' complaint is legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6). Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder. 26 U.S.C. § 7433. Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). But, here, there are no facts in the plaintiffs' complaint to support a claim for damages, and thus, this Court should conclude that they have not in fact stated such a claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). For example, plaintiffs do not describe the injuries they allegedly incurred. In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]." 26 U.S.C. § 7433. Because plaintiffs have failed to state a claim upon which relief can be granted, this Court should dismiss this case.

This Court Lacks Subject-Matter Jurisdiction over Plaintiffs' Claim
under Section 7214 of the Internal Revenue Code.

The Court lacks jurisdiction over plaintiffs' claim pursuant to 26 U.S.C. § 7214. Plaintiffs assert that the allegations of the complaint support a separate cause of action

-3-

pursuant to section 7214. (Compl. Remedy Sought ¶ 1.) Section 7214 (a) provides for dismissal from office and criminal penalties upon conviction and a fine of not more than $10,000.00 or imprisonment for up to five years, or both. However, section 7214 provides no private cause of action to plaintiffs against the United States.1/ See United States v. Little, 753 F.2d 1420, 1437 (9th Cir. 1985); United States v. Hill, 2006-1 U.S.T.C. ¶ 50,252 (D. Ariz. 2005). Further, the United States has not waived its sovereign immunity to permit plaintiffs to invoke the Court's jurisdiction under section 7214. See Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990). Accordingly, this cause of action should be dismissed.

---

1/ Following a criminal conviction of a revenue employee, damages may be recoverable by the victim. See Watts v. IRS, 925 F. Supp. 271, 279 (D.N.J. 1996): Brunwasser v. Jacob, 453 F. Supp. 567, 572-73 (W.D. Pa. 1978).

CONCLUSION

In sum, for the following reasons the Court should dismiss this action. This Court does not have subject-matter jurisdiction over plaintiffs' unauthorized collection claim. Finally, plaintiffs have failed to state a claim for damages.

DATED: July 5, 2007.                     Respectfully submitted,

                                         /s/ Beatriz T. Saiz
                                         BEATRIZ T. SAIZ
                                         Trial Attorney, Tax Division
                                         U.S. Department of Justice
                                         P.O. Box 227
                                         Ben Franklin Station
                                         Washington, DC 20044
                                         Phone/Fax: (202) 307-6585/514-6866
                                         Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC BRYANT, <br> JOAN BRYANT, <br>     Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br>     Defendant. | ) <br> ) <br> ) No. 1:07-cv-00648 (JDB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Having considered the UNITED STATES' MOTION TO DISMISS, the supporting memorandum of points and authorities, any opposition and reply thereto, and the entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED;

ORDERED that this action be, and is, DISMISSED; and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed below.

SO ORDERED this ____ day of _____ 2007.


_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044

ERIC BRYANT
JOAN BRYANT
2149 W. Cascade Avenue
#233
Hood River, OR 97031

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC BRYANT,<br>JOAN BRYANT,<br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | )<br>)<br>) No. 1:07-cv-00648 (JDB)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM, and proposed ORDER were served upon the following individual(s) on July 5, 2007, by sending a copy by First Class mail, postage prepaid, addressed as follows:

        Eric Bryant
        Joan Bryant
        2149 W. Cascade Avenue
        #233
        Hood River, OR 97031

                /s/ Beatriz T. Saiz
                BEATRIZ T. SAIZ