### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

| | |
|---|---|
| Eric R. Bryant, *et ux*, ) | |
| ) | Case No: 1:07-cv-00648 (JDB) |
| Plaintiffs, ) | |
| v. ) | |
| ) | **Response to Motion to Dismiss** |
| UNITED STATES (Government), ) | **Complaint** |
| ) | |
| Defendant. ) | |
| ) | |

### INTRODUCTION

Defendant's assertion that this Court lacks subject-matter jurisdiction in the instant matter on the basis of the frivolous assertion that We "appear[s] to be challenging the underlying tax liability" and that We "failed to state an unauthorized collection claim" is without merit.

We, Eric and Joan Bryant, Plaintiffs, hereby respond to the United States' Motion to Dismiss our Verified Complaint:

### QUESTION PRESENTED

Is defendant's citation to cases litigated upon Trust Fund Recovery Penalty assessments a misrepresentation of the issues in the instant case?

### DISCUSSION

In citing Arnett v. United States, 889 F. Supp. 1424,1430 (D. Kan. 1995) and Sylvester v. United States 978 F. Supp. 1186 (E.D. Wis. 1997), defendant's motion

RECEIVED
AUG 1 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

borders upon perpetrating a fraud upon the Court; both of the cited cases, as quoted by defendant, relate to "actions taken during assessment of tax under 26 U.S.C. 6672", and "allegation that IRS incorrectly computed Section 6672 liability", and are completely irrelevant to the instant action.  Even the third citation, Zolman v. IRS, 87 F. Supp. 2d 765 (W.D. Mich. 1999), is limited, by defendant's admission that Zolman was limited, specifying "mere assertion of improper assessment of tax liability, *without more*, is insufficient".  A review of our Verified Complaint shows that there is no allegation of "assessment of tax under 26 U.S.C. 6672" ..., "incorrectly computed" or otherwise, and that, in fact, much more than "mere assertion of improper assessment" is alleged in the instant case.

## QUESTION PRESENTED

Is defendant asking the Court to impose a "heightened pleading standard" to misdirect the Court into dismissal?

## DISCUSSION

Defendant asserts that

> "Plaintiffs' complaint is legally insufficient and should be dismissed under Fed.R.Civ.P. 12(b)(6). Plaintiffs purport to state a claim for damages. Plaintiffs' complaint is legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6)." (sic)

However, defendant, immediately thereafter, acknowledges that

> "Under Rule 8(a), a complaint need only contain 'a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests.' Fed.R.Civ.P. 8(a)."

We assert that our Verified Complaint meets the "notice pleading" requirements

set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[1], and reiterated in *Jones v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____ (January, 2007). In *Jones v Bock* , (Argued: October 30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:

> "Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[2]

and,

> "...such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Defendant's motion, devoid of the usual, if obsolete, attempts to avoid litigating damages through unwarranted reliance upon an internal statement of policy[3], is a dilatory tactic, intended to needlessly increase the cost of this litigation; insofar as it asserts "failure to state a claim", it is nothing more than an attempt to have the Court to impose a "heightened pleading standard", by attempting to require "pre-disclosure", without the parameters of Fed.R.Civ.P. 26-37.

Defendant's lengthy Memorandum in Support has certainly shown that our

---

[1] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[2] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a).

[3] See: Chrysler v. Brown, 441 U.S. 281, at 301, 302; Morton v. Ruiz, 415 U.S. 199, at 236; Batterton v. Francis, 432 U.S. 416, 425 n. 9; compare: TREASURY DIRECTIVE 28-01 and TREASURY DIRECTIVE 25-03.

Verified Complaint "gives the defendant fair notice of the claim" contained therein,[4] as described in Fed.R.Civ.P. 8(a). Even if defendant's "Hail Mary" assertion that something more than the Rule's "short and plain statement of the claim" were found to have a basis, as pro se litigants, our pleadings should be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and We should be allowed to amend, to cure the asserted defect.

## QUESTION PRESENTED

Is defendant confusing Plaintiffs' suggestion as to means for calculating damages (in Remedy Sought) with the jurisdictional statement (set forth at the Introduction)?

## DISCUSSION

Defendant first asserts that "The Court lacks jurisdiction over plaintiffs' claim pursuant to 26 U.S.C. § 7214", yet follows that clearly unwarranted assertion with the statement that "Plaintiffs assert that the allegations of the complaint support a separate cause of action pursuant to section 7214." Defendant's confusion as to whether the instant case is based upon 7214 jurisdiction[5] or that "the allegations of the complaint support a separate cause of action"[6] cannot and should not form a basis for dismissal. As defendant clearly acknowledges in footnote 1, "1/ Following a criminal conviction of

---

[4] It appears as if defendant has already admitted that at least 10 of the counts are valid.

[5] Plaintiffs have made no assertion of jurisdiction under 7214 to hear the instant case.

[6] Defendant is apparently aware that charges may be brought against its agents, notwithstanding the Plaintiffs did not raise this issue in the Remedy Sought.

a revenue employee, damages may be recoverable by the victim. See Watts v. IRS, 925 F. Supp. 271, 279 (D.N.J. 1996): Brunwasser v. Jacob, 453 F. Supp. 567, 572-73 (W.D. Pa. 1978). Defendant's footnote clearly shows that the suggestion of 7214 as a basis for damages calculation is reasonable. Should the Court, in the exercise of its jurisdiction, find that defendant's agent[s] intentionally disregarded provisions of the Internal Revenue Code and/or tax regulations, "intent to defeat the provisions thereof" is necessarily found; the Court is well within its discretion to calculate damages based upon 7214. Conversely, defendant would be within its discretion to forego criminal charges, leaving Plaintiff's arguably without remedy.

Based upon the foregoing, the United States' Motion to Dismiss should be denied.

    Respectfully Submitted

    Dated  8/13/07  , 2007

_____
Eric Bryant


_____
Joan Bryant

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Beatriz Saiz
U.S. Department of Justice
P.O. Box 227
Washington D.C. 20044

Dated  8-13-07 , 2007

7001 1940 0001 1692 6830

*Jamera Sampson*