UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC BRYANT, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>UNITED STATES GOVERNMENT,<br><br>    Defendant. | Civil Action No. 07-0648 (JDB) |

## MEMORANDUM OPINION

Plaintiffs Eric and Joan Bryant seek damages pursuant to 26 U.S.C. § 7433 for alleged misconduct by the Internal Revenue Service ("IRS") in connection with the collection of taxes in the absence of a tax assessment, resting their claims on many of the same boilerplate allegations that have been asserted by numerous other individuals mounting similar challenges in this district.  Defendant responds that the complaint must be dismissed because several of the claims do not fit within the cause of action authorized by section 7433, and the complaint, in any event, contains insufficient factual allegations to satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a).  Defendant therefore has moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## BACKGROUND

Section 7433(a) of the Internal Revenue Code ("Code") authorizes taxpayers to bring an action for civil damages against any officer or employee of the IRS who acts in disregard of the Code or its implementing regulations in connection with collection activity.  The provision authorizing this cause of action states:

> If, <u>in connection with any collection of Federal tax</u> with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a) (emphasis added).

Plaintiffs allege that, beginning in 2000 and continuing to the present, defendant United States, through the IRS and its employees, has unlawfully taken the position that plaintiffs owe taxes for each and every year beginning with 2000 and has disregarded the provisions of the Internal Revenue Code and its regulations in the course of pursuing collection activities against plaintiffs.  Compl. at 3-24.  Plaintiffs enumerate 33 "counts" of alleged IRS misconduct, reciting a litany of regulations and statutory provisions, but providing few facts underlying the violations alleged.  <u>See</u> <u>id.</u>.  Plaintiffs neither identify the amount of taxes demanded by the IRS, specify the persons involved in the alleged misconduct, nor describe the encumbered properties at issue.  Instead, plaintiffs allege the following general types of violations of law:  (1) failure to notify plaintiffs of their obligation to keep records and file tax returns, and failure to prepare substitute tax returns on their behalf (Counts 1-8); (2) failure to make or record assessments of taxes against plaintiffs, or to furnish such assessments or a notice of deficiency to plaintiffs (Counts 10-17); (3) failure to comply with procedures governing the assessment of interest and penalties (Counts 18-21 and 29); (4) improper use of plaintiffs' social security numbers, financial audit information, and statistical information of other taxpayers (Counts 9, 22, 23); (5) the imposition of unidentified notices of tax liens or levies in the absence of notice and demand, hearing, and certifications (Counts 24-25, 27-28, 30-33); and (6) "conduct the natural consequence of which is to harass, oppress, or abuse" (Count 26).

Based on these allegations, plaintiffs request an order directing defendant to pay damages under 26 U.S.C. § 7433 in the amount of $10,000 for each disregard of each Internal Revenue Code law or regulation, or, in the alternative, an amount one and one-half times the statutory fine under 26 U.S.C. § 7214, a separate provision of the Internal Revenue Code governing criminal offenses by federal employees.  Compl. at 24.

## STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979).  Therefore, the factual allegations must be presumed true, and plaintiffs must be given every favorable inference that may be drawn from the allegations of fact.  Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint.  Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Here, the Court will treat defendant's motion to dismiss as one for failure to state a claim upon which relief can be granted because the alleged deficiency pertains, in large part, to the boundaries of the right of action under section 7433, in contrast to a statutory provision speaking to the jurisdiction of the district courts.  See Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1245 (2006) ("when Congress does not rank a statutory limitation as . . . jurisdictional, courts should treat the restriction as non-jurisdictional in nature"); see also Trudeau, 456 F.3d at 188, 191

3

(observing that whether a statute authorizes a cause of action presents a question of whether plaintiff states a claim upon which relief can be granted, rather than jurisdiction).

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is mindful that all that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp., 127 S. Ct. at 1964-65; see also Papasan, 478 U.S. at 286. Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp., 127 S. Ct. at 1965 (citations omitted).

## DISCUSSION

Defendant moves to dismiss the complaint on the ground that it impermissibly mounts a challenge to the merits of plaintiffs' underlying tax liability based on plaintiffs' belief that the assessment of taxes by the IRS was improper. Def.'s Mem. at 1-2. The Court agrees that section 7433 does not provide a cause of action for any alleged IRS violations of law in connection with the assessment of taxes, but is instead limited to damages arising from conduct in connection with the "collection of Federal tax." Therefore, those counts challenging the alleged IRS violations in connection with the assessment of taxes, or challenging other actions that are not in

connection with the "collection" of taxes, will be dismissed. However, some of the counts can be characterized as challenging IRS violations in connection with collection activity, and, hence, the Court will consider whether those counts should be dismissed on alternative grounds raised by defendant.

Judge Collyer conducted a comprehensive analysis of the scope of the right of action under section 7433 in Buaiz v. United States, 471 F. Supp. 2d 129, 135-36 (D.D.C. 2007), and reached the well-supported conclusion that "§ 7433 does not provide a cause of action for wrongful tax assessment or other actions that are not specifically related to the collection of income tax." Judge Collyer observed that all of the circuits that have addressed this issue, along with several district courts, have reached the same conclusion, which is supported by the legislative history, the structure of the Internal Revenue Code, and principles of statutory construction. Id. (citing Miller v. United States, 66 F.3d 220, 222-23 (9th Cir. 1995), Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994), and Gonsalves v. IRS, 975 F.2d 13, 16 (1st Cir. 1992)). Plaintiffs respond that there is a distinction between an "incorrectly computed assessment" -- not actionable under section 7433 -- and a failure by the IRS to conduct any assessment in the first instance, which plaintiffs presume remains actionable. See Pl.'s Mem. at 2. Buaiz, however, rested on a broader principle not related to the correctness of assessments -- in short, the plain language and legislative history limit section 7433 to claims arising from the "collection of Federal tax," and confirm that claims in connection with the "determination" of taxes are excluded. See 471 F. Supp. 2d at 136. A failure to conduct an assessment, like an incorrectly calculated assessment, involves an alleged disregard of law pertaining to "determination" of taxes, rather than tax collection efforts. See Jaeger v. United States, No. 07-1409, 2007 WL 4441229, at *3 (D.D.C. Dec. 20, 2007). For the reasons articulated in

Buaiz, then, this Court has joined in the holding that "section 7433 does not provide a cause of action for wrongful tax assessment, the absence of a tax assessment, or other actions not related to the collection of income tax," and hence applies that holding here.[1] See Jaeger, 2007 WL 4441229, at *3; see also Spahr v. United States, 501 F. Supp. 2d 92, 95 (D.D.C. 2007) (Huvelle, J.) (adopting the holding of Buaiz).

Most of plaintiffs' claims fall outside the right of action authorized by section 7433. Counts 1 through 8 arise from the IRS's alleged failure to notify plaintiffs of their obligation to keep records, file tax returns, and prepare substitute returns on their behalf. This type of conduct is separate and distinct from efforts by the IRS to collect taxes, and thus is not actionable under section 7433. See Buaiz, 471 F. Supp. 2d at 136; Spahr, 501 F. Supp. 2d at 96. Counts 10 through 17 arise from the alleged failure to assess taxes and related matters, and Counts 18 through 21 and Count 29 arise from the alleged failure to comply with procedures governing assessment of interest and penalties. These claims, too, do not arise from tax collection efforts, but rather from alleged failures regarding assessments. See Buaiz, 471 F. Supp. 2d at 136; Spahr, 501 F. Supp. 2d at 96. Lastly, Counts 9, 22, and 23 concern the allegedly improper use of plaintiffs' social security numbers, financial audit information, and statistical information on other taxpayers. Such claims appear to relate to matters of proof of plaintiffs' tax liability, rather than tax collection efforts. In sum, Counts 1 through 23 and Count 29 fall outside the scope of the action authorized by section 7433.

---

[1] Judge Collyer held that such limitations on the right of action under section 7433 are jurisdictional because they pertain to the scope of the United States' waiver of sovereign immunity. Buaiz, 471 F. Supp. 2d at 135-36. This Court concludes, however, that the limitations on the right of action are nonjurisdictional because the language of section 7433 is not jurisdictional (see Arbaugh, 126 S. Ct. at 1245), and, furthermore, this Circuit treats the lack of a right of action as an issue of failure to state a claim upon which relief can be granted. See Trudeau, 456 F.3d at 188, 191.

The counts relating to the imposition of tax liens or levies and the blanket assertion of harassment -- Counts 24 through 28, and Counts 30 through 33 -- do, however, arguably arise from tax collection efforts. See Buaiz, 471 F. Supp. 2d at 137. Perhaps recognizing this, defendant moves to dismiss, in the alternative, on the ground that those claims contain insufficient factual allegations to state a claim upon which relief can be granted. See Def.'s Mem. at 3. The Court agrees that the allegations are far too conclusory to satisfy the notice pleading standards of Fed. R. Civ. P. 8(a). The complaint, although 24 pages in length, contains very few factual allegations. Each of the 33 counts -- including the counts concerning liens and levies -- first recites in conclusory language that the IRS is taking "tax collection action" against plaintiffs, using the following boilerplate language for each count: "On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000." Compl. at 3-23. Each count then states in a conclusory manner that "[i]n connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6001 [or, in subsequent counts, a different citation] with intent to defeat the application thereof," and then quotes or paraphrases the statutory provision cited. Id.

These excerpts are nothing more than legal conclusions -- that IRS action constitutes "tax collection action" and that defendant has violated a provision of the Internal Revenue Code -- interspersed with formulaic recitation of the statutory language. But, as the Supreme Court observed in Bell Atlantic Corp. v. Twombly, a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation" of legal elements to satisfy the Rule 8 notice pleading standard. 127 S. Ct. at 1964-65. Instead, the complaint's "[f]actual allegations must be enough

to raise a right to relief above the speculative level."  Id. (citations omitted).

Stripped of the conclusory legal conclusions and formulaic language from the Internal Revenue Code, the only factual allegations that can be discerned are that the IRS has determined that plaintiffs owe taxes, that it has taken some "tax collection action" against plaintiffs from 2000 to the present, and that these actions include one or more unidentified "notice of lien and/or levy."  Such scant factual allegations fail to satisfy the notice pleading requirements because they do not put defendant on notice as to which notices of tax liens or levies are at issue or the specific IRS conduct pertaining to liens or levies that is unlawful, or whether some other action in pursuit of collection is at issue.[2]

Defendant also moves to dismiss the complaint to the extent that plaintiffs assert a right of action for damages under 26 U.S.C. § 7214(a).  See Def.'s Mem. at 3-4.  The Court agrees that claim must be dismissed.  Section 7214 is a criminal statute that does not provide for a private right of action and thus is "not enforceable through a civil action."  See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); Wesselman v. United States, 501 F. Supp. 2d 98, 99-100 n. 1 (D.D.C. 2007).  Furthermore, section 7433 provides the exclusive damages remedy for any alleged IRS conduct "in connection with any collection of Federal tax with respect to a taxpayer."  26 U.S.C. § 7433(a); Evans v. United States, 478 F. Supp. 2d 68, 71 (D.D.C. 2007); Ross v. United States, 460 F. Supp. 2d 139, 151-52 (D.D.C. 2006).

---

[2] For example, plaintiffs make the broad allegation, reciting language from section 6304, that the IRS has "engag[ed] in conduct the natural consequence of which is to harass, oppress, or abuse plaintiff(s)."  Compare Compl. at 19-20 with 26 U.S.C. § 6304 ("The Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax.").  The conduct that falls within that legal description is not identified in the complaint.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss plaintiffs' complaint. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated:  December 21, 2007